UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Jacob Alvarez, | : | |
| | : | **ANSWER TO COMPLAINT** |
| Plaintiff, | : | |
| | : | Case No. 1:25-cv-02612 (MKV) |
| -v- | : | |
| | : | |
| AE Outfitters Retail Co., and | : | |
| AE Corporate Services Co., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Defendants AE Outfitters Retail Co. and AE Corporate Services Co. (collectively, "Defendants"), by and through their attorneys, Fisher & Phillips LLP, answer Plaintiff Jacob Alvarez's ("Plaintiff") Complaint ("Complaint") as follows:

## "NATURE OF THE ACTION"

1.      The Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## "JURISDICTION AND VENUE"

5.      The allegations set forth in Paragraph 5 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants state that jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL") claims is proper and refers the Court to the provisions cited in Paragraph 5 for a complete and accurate statement of their contents.

6. The allegations set forth in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants state that venue is proper and refer the Court to the provisions cited in Paragraph 6 for a complete and accurate statement of their contents.

7. The allegations set forth in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7 and refer the Court to the provisions cited therein for a complete and accurate statement of their contents.

## "THE PARTIES"

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's residency, except admit Plaintiff identified his residence as being in Bronx County in the State of New York during his employment and that he is an adult individual over the age of eighteen.

9. Defendants deny the allegations in Paragraph 9 of the Complaint, except admit that AE Outfitters Retail Co. is a corporation.

10. The allegations set forth in Paragraph 10 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10 of the Complaint, except admits Defendant AE Corporate Services Co. was listed on Plaintiff's W-2 and refers the Court to the records referenced therein for a complete and accurate statement of their contents.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

## "STATEMENT OF FACTS"

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co. from on or about October 27, 2023, until on or about January 22, 2025.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint, except admit Plaintiff was paid hourly and his last rate of pay was $16.50 an hour.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. The allegations set forth in Paragraph 20 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20 and refer the Court to the statutory authority cited therein for a complete and accurate statement of their contents.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint, except admit Plaintiff was paid biweekly, and refer the Court to the statute and case cited therein.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint, except admit that Defendants had revenues and/or expenditures.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint, except admit Defendants conduct business in the State of New York.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

### **"AS AND FOR A FIRST CAUSE OF ACTION**
### **FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)"**

38.     In response to the allegations set forth in Paragraph 38 of the Complaint, Defendants repeat and reallege the responses set forth in Paragraphs "1-37" inclusive of their answer as if fully set forth therein.

4

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

**Relief Demanded**

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)**

44.     In response to the allegations set forth in Paragraph 44 of the Complaint, Defendants repeat and reallege the responses set forth in Paragraphs "1-43" inclusive of their answer as if fully set forth therein.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

**Relief Demanded**

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages**

48.     In response to the allegations set forth in Paragraph 48 of the Complaint, Defendants repeat and reallege the responses set forth in Paragraphs "1-47" inclusive of their answer as if fully set forth therein.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

5

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint, except admit Plaintiff was paid biweekly.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

## Relief Demanded

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION –
## FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

55.     In response to the allegations set forth in Paragraph 55 of the Complaint, Defendants repeat and reallege the responses set forth in Paragraphs "1-54" inclusive of their answer as if fully set forth therein.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

## Relief Demanded

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL § 215

60.     In response to the allegations set forth in Paragraph 60 of the Complaint, Defendants repeat and reallege the responses set forth in Paragraphs "1-59" inclusive of their answer as if fully set forth therein.

61.    Defendants deny the allegations set forth in Paragraph 61 of the Complaint, except admit Plaintiff was employed by AE Outfitters Retail Co.

62.    Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

**Relief Demanded**

65.    Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief section of the Complaint (Paragraphs 66-74).

**DEMAND FOR TRIAL BY JURY**

Defendants deny Plaintiff is entitled to a trial by jury as to all matters alleged in the Complaint.

**GENERAL DENIAL**

Defendants deny each and every allegation to the extent not specifically admitted herein, and deny Plaintiff is entitled to any relief whatsoever.

**DEFENSES**

Defendants assert the following separate defenses, without assuming the burden of proof on any defense except as required by applicable law.

**FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief can be granted.

7

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Defendants were not Plaintiff's employer, nor were they co-employers or joint employers of Plaintiff.

## FOURTH DEFENSE

Plaintiff was properly paid all compensation to which Plaintiff was entitled under the FLSA, NYLL, and any other applicable law.

## FIFTH DEFENSE

Plaintiff was provided with meal breaks during which he was completely relieved from duty, such breaks were properly excluded from compensable work time, and Defendants did not have a policy or practice of deducting from work time.

## SIXTH DEFENSE

Actions taken by Defendants with respect to Plaintiff were taken in good faith and within reasonable grounds to believe such conduct comported with the FLSA and NYLL.

## SEVENTH DEFENSE

There is no private right of action for claims brought under NYLL § 191(1)(a).

## EIGHTH DEFENSE

Plaintiff was not a manual worker under NYLL §191, as his work did not meet the statutory definition of the term as defined in NYLL § 190 or the twenty-five percent of working time engaged in physical labor threshold used by the New York Department of Labor.

8

**NINTH DEFENSE**

Defendants provided mechanisms for employees to accurately report all hours worked, and Plaintiff, in violation of Defendants' policies, failed to report all hours worked, and the Defendants did not suffer or permit such unreported work.

**TENTH DEFENSE**

Plaintiff was provided with wage notices and statements in accordance with NYLL § 195.

**ELEVENTH DEFENSE**

Plaintiff's termination was for legitimate, non-retaliatory, and non-discriminatory business reasons unrelated to any protected activity.

**TWELFTH DEFENSE**

Plaintiff was provided with overtime compensation.

**THIRTEENTH DEFENSE**

Defendants did not willfully violate the FLSA, as they neither knew their payroll practices violated the FLSA nor showed reckless disregard for whether their conduct was prohibited by the FLSA.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to liquidated damages for his NYLL § 191(1)(a) claim because he was paid wages on a regular payday, no less frequently than semi-monthly.

**FIFTEENTH DEFENSE**

Liquidated damages are not warranted, because Defendants did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, unclean hands and/or estoppel.

**SEVENTEENTH DEFENSE**

Plaintiff failed to mitigate his alleged damages.

**EIGHTEENTH DEFENSE**

Plaintiff would be unjustly enriched by any recovery.

**NINETEENTH DEFENSE**

To the extent Plaintiff suffered any damages or injuries, which Defendants deny, such damages or injuries were not caused by Defendants' actions or conduct.

**RESERVATION OF RIGHTS**

Defendants reserve their right to amend their answer and to assert any additional separate, affirmative, and/or other defenses that may become available or apparent during the course of the investigation and/or discovery in this case.

**WHEREFORE,** Defendants respectfully requests that this Court find Plaintiff's allegations in the Complaint lack merit, that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendants' favor and against Plaintiff, and that this Court award Defendant's their costs, reasonable attorneys' fees, and any other relief that this Court may deem just and proper.

Dated:  July 7, 2025
         New York, NY

                                        **FISHER & PHILLIPS LLP**

                                        By: */s/ Seth D. Kaufman*
                                        Seth D. Kaufman
                                        Amanda M. Blair
                                        Times Square Tower

10

7 Times Square, Suite 4300
New York, NY 10036
Tel. (212) 899-9975
Fax (212) 956-1971
skaufman@fisherphillips.com
ablair@fisherphillips.com

*Attorneys for Defendants*

11